CHRISTOPHER ANAGNOSTOU, Appellant, v. JOHN LIMBEROPOULOS, Respondent. — In an action for specific performance of an alleged contract to sell real property, plaintiff moved to strike out defenses setting up the Statute of Frauds, and defendant made a cross motion for judgment on the pleadings. The court denied plaintiff's motion and granted defendant's motion. Order granting defendant's motion for judgment on the pleadings and the judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

BRIGHTON OPERATING CORP., Respondent, v. P. WALKER MORRISON et al., as Trustees under a Declaration of Trust, Dated March 27, 1936, and a Plan of Reorganization for Mortgage Investments (Series B-K), Appellants.— Action for a declaratory judgment. Judgment declaring that the interest chargeable during the emergency period upon a mortgage held by the appellants is to be computed, pursuant to section 1077-cc of the Civil Practice Act, at the rate of 5% per annum, and restraining appellants from demanding a higher rate of interest, unanimously affirmed, with costs. We have passed upon all questions not disposed of by the decision of the Court of Appeals. (*Brighton Operating Corp.* v. *Morrison*, 291 N. Y. 6.) Appellants no longer challenge the discretion exercised by Special Term in granting declaratory judgment herein. None of the acts of the plaintiff or its predecessors in acceding to appellants' demands for interest at 6% per annum amounted to inequitable conduct. Nor did any estoppel arise in favor of appellants, by reason of its settlement on August 15, 1940, for $1,250 instead of a higher sum, of two proceedings it had instituted under section 1077-c of the Civil Practice Act. Appellants were not harmed but on the contrary were benefited by the fact that at the time of the settlement they proceeded on the assumption that the mortgage interest rate was 6%. They received the extra point, as interest, without being compelled to reduce the principal amount of the mortgage to that extent. This mortgage is a matured obligation; the interest payable thereunder is not allowed as part of the contract, but as damages according to the rate prescribed by law; and the law can change that rate without interfering with any vested or contractual rights possessed by the mortgagee. (*Metropolitan Savings Bank* v. *Tuttle*, 290 N. Y. 497; *Title Guarantee & Trust Co.* v. *2846 Briggs Ave.*, 283 N. Y. 512.) Appellants' claim that the provision of the judgment restraining them from demanding a rate of interest higher than 5% "during the emergency period fixed by the legislature" should have been limited "during the continued existence of section 1077-cc of the Civil Practice Act" has no merit. That section states that the interest rate specified in the "obligation" shall continue "until the expiration of such emergency period", as defined in section 1077-g of the Act. Clearly, the emergency period referred to in the judgment is that defined in section 1077-cc. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See *post*, p. 1059.]